UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4322

PAUL DONALD WASHINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-92-61-NN)

Submitted: October 10, 1997

Decided: December 17, 1997

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Chief
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Helen F. Fahey, United States Attorney, Damon A. King, Special
Assistant United States Attorney, Fort Eustis, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Donald Washington appeals the twenty-four-month sentence imposed upon revocation of his supervised release. He contends that the district court violated 18 U.S.C.A. § 3553(a)(4)(B) (West 1985 & Supp. 1997), by imposing a sentence without considering the Chapter 7 policy statements, see U.S. Sentencing Guidelines Manual § 7B1.4 (1992). We affirm.

Washington began serving a three-year term of supervised release in May 1995. After a hearing, the district court found that Washington had violated the conditions of his supervised release by inter alia being convicted of driving on a suspended license and speeding, failing to report these convictions to his probation officer, failing to submit timely and truthful monthly reports, failing to report to the probation officer as directed, and failing to pay restitution. Washington offered explanations for each of his violations. The district court revoked Washington's supervised release and imposed a prison sentence of twenty-four months, the maximum penalty provided by 18 U.S.C.A. § 3583(e)(3) (West Supp. 1997).

Washington's attorney noted no objection to the sentence. Consequently, we review only for plain error. See United States v. Olano, 507 U.S. 725 (1993). We should grant relief only if the error is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-37.

In sentencing a defendant after revoking a term of supervised release, the district court must consider certain factors set out in 18 U.S.C.A. § 3553(a), one of which is the applicable Chapter 7 policy statements governing the revocation of supervised release terms. See 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e). The Chapter 7 policy statements, however, are not binding. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Having considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set out in the sentencing guidelines. Id. at 642-43.

2

We will assume -- and it is a generous assumption-- that the first three Olano criteria were met. It is surely error to fail to consider the policy statements, and that error would be "plain" in a legal sense, but it is by no means "plain" that the error even occurred here. The probation officer cited to the applicable policy statement in a worksheet that, if it were distributed at the revocation hearing, would evince sufficent consideration. Id. at 642 & n.16 ("Given that [the relevant policy statement] was cited repeatedly in the probation officer's worksheet ..., the ... policy statement was obviously within the district court's contemplation .... Consideration is implicit in the court's ultimate ruling."). With commendable candor, counsel for appellant reports that the probation officer stated off the record that the report was in fact distributed at the hearing. We are stuck with the actual record, however, which is silent on the matter. We will assume the worst. Likewise, we will assume that a defendant has a "substantial right" to consideration of the policy statements, though that proposition is surely a tenuous one.

We can indulge all of these assumptions because, even if they proved true, we would not exercise our discretion to correct the error under the final prong of the Olano test. Reversal for plain error is appropriate only where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." 507 U.S. at 736. A court's failure to consider non-binding information falls far short of this high hurdle.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contention are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3